UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LISA A. BALISTRIERI,

19-CV-293-MJR
DECISION AND ORDER

               Plaintiff,

   -v-

ANDREW SAUL,
Commissioner of Social Security,

               Defendant.

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 11).

Plaintiff Lisa A. Balistrieri brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security finding him ineligible for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 8) is granted, the Commissioner's motion (Dkt. No. 9) is denied, and the case is remanded.

## BACKGROUND[1]

Plaintiff protectively filed an application for SSI on December 2, 2015, alleging a disability as of December 2, 2014, due to emphysema, chronic obstructive pulmonary disease ("COPD"), back issues, depression, and posttraumatic stress disorder. (Tr. 97,

---

[1] The Court assumes the parties' familiarity with the record in this case.

257, 290).[2]  Her claim was initially denied April 4, 2016.  (Tr. 162).  On April 17, 2016,

Plaintiff filed a timely written request for a hearing.  (Tr. 178-180).

On March 6, 2018, a video hearing was conducted by Administrative Law Judge

("ALJ") Elizabeth Ebner.  (Tr. 116-155).  The ALJ appeared in Falls Church, Virginia.

Plaintiff appeared, along with her attorney, in Buffalo, New York.  A vocational expert also

appeared.

On April 24, 2018, the ALJ issued a decision finding Plaintiff not disabled.  (Tr. 97-

115).  That decision became final when on January 7, 2019, the Appeals Council denied

her request for review.  (Tr. 1-7).  This action followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act,

the Commissioner's factual determinations "shall be conclusive" so long as they are

"supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such

relevant evidence as a reasonable mind might accept as adequate to support [the]

conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks

and citation omitted).  "The substantial evidence test applies not only to findings on basic

evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v.

Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision

rests on adequate findings supported by evidence having rational probative force," the

Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*,

312 F.3d 578, 586 (2d Cir. 2002).  Thus, the Court's task is to ask "'whether the record,

---

[2] References to "Tr." are to the administrative record in this case.

read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether

such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed

in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating disability claims. Under step one, the ALJ found that Plaintiff had not engaged in substantial since December 2, 2015, the application date. (Tr. 99). At step two, the ALJ concluded that Plaintiff had the following severe impairments: substance abuse disorders; anxiety disorder; affective disorder; lumbar degenerative disc disease, and COPD. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. *Id.* Before proceeding to step four, the ALJ assessed Plaintiff's RFC, in pertinent part, as follows:

> [T]he claimant has the residual functional capacity to perform light work … . However, after standing for 45 minutes, she requires the freedom to sit for one to two minutes without going off task or leaving the workstation. She can occasionally climb ramps and stairs, balance, stoop, and crouch, and can never kneel, crawl, or climb ladders, ropes, or scaffolds. She can tolerate occasional exposure to dusts, odors, fumes, pulmonary irritants, extreme heat and cold, humidity, wetness, and vibrations, and can never have exposure to unprotected heights or dangerous moving mechanical parts. [Plaintiff] can perform simple work-related decisions, occasional workplace changes, and occasional interaction with supervisors, coworkers, and the public. She would be further off-task up to five percent of any eight-hour workday in addition to normal breaks.

(Tr. 102). Proceeding to step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 109). At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform, such as Folder, Inspector, and Packager. (Tr. 110). Accordingly, the ALJ concluded that Plaintiff is not disabled under the Act. (Tr. 111).

IV. _Plaintiff's Challenge_

Plaintiff argues that the ALJ erred by making her RFC determination without medical opinion evidence and instead relied on her own lay opinion. Therefore, Plaintiff argues, the ALJ's RFC determination is not supported by substantial evidence and the case must remanded. The Court agrees.

An RFC assessment "is the most [a claimant] can still do despite [their] limitations." 20 C.F.R. § 404.1545. An ALJ must assess the claimant's RFC by using "all the relevant evidence in [the] case record." _Id_. However, there must be "substantial medical evidence to support [her] opinion." _Salone v. Berryhill_, No. 6:16-CV-06491-MAT, 2018 WL 6333421, at *2 (W.D.N.Y. Dec. 5, 2018) (quoting _Goldthrite v. Astrue_, 535 F.Supp.2d. 329, 339 (W.D.N.Y. 2008) (remanding when RFC finding not supported by substantial evidence). An ALJ is not qualified to rely on only "raw medical data" to determine Plaintiff's limitations or to craft an RFC. _Henderson v. Berryhill_, 312 F. Supp. 3d 364, 371 (W.D.N.Y. 2018) (holding ALJ was not permitted to rely on treatment notes to craft an RFC after rejecting medical opinions). Rather, an ALJ should rely on medical opinion evidence, based on that raw data, to address the claimant's "functional or work capacity limitations." _Jermyn v. Colvin_, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) (remanding when ALJ relied on record with no expression of

functional limitations); see *Perkins v. Berryhill*, No. 17-CV-6327-FPG, 2018 WL 3372964, at *4 (W.D.N.Y. July 11, 2018) (citing *Ford v. Colvin*, No. 12-CV-301A, 2013 WL 4718615, at *8 (W.D.N.Y. Sept. 3, 2013) (remanding where ALJ did not explain how Plaintiff's treatment evidence supported his RFC findings).

"Where the record is 'devoid of any opinions from … medical sources regarding [the] Plaintiff's functional or work capacity limitations, … the ALJ [is] obligated to develop the record and obtain RFC assessments[.]'" *Salone*, 2018 WL 6333421, at *2 (quoting *Jermyn*, 2015 WL 1298997, at *19).  Failure to do so requires remand.  *Id.*; see *Evans v. Berryhill*, No. 16-CV-801 (MAT), 2018 WL 1377122, at *3 (W.D.N.Y. Mar. 19, 2018) (citing *Snyder v. Colvin*, No. 5:13-CV-585 GLS/ESH, 2014 WL 3107962, at *4 (N.D.N.Y. July 8, 2014)) (remanding when ALJ relied on lay interpretation of medical records leaving a gap regarding functional limitations).

Here, the ALJ did not rely on any opinion evidence to determine the physical or mental limitations for Plaintiff's RFC.  With regard to physical limitations, there were no medical opinions in the record to which the ALJ could assign a weight.  Instead, she relied on raw treatment notes from Plaintiff's medical record to determine Plaintiff's RFC.  With regard to mental limitations, the only opinion the ALJ considered was that of consultative psychological examiner, Dr. Gina Zali, Psy.D.  (Tr. 108-109).  She assigned Dr. Zali's opinion only "some weight," noting that it did not consider Plaintiff's drug use. (Tr. 109). This failure to rely on medical opinion evidence was error.  See *Henderson*, 312 F. Supp. 3d at 371.

Despite there being no opinions assessing Plaintiff's physical functioning, the ALJ

found that Plaintiff could perform, light work with additional limitations.  (Tr. 102).  In making this finding, the ALJ restated treatment evidence from the record.  It is unclear, however, how they ALJ came to this RFC.  Light work consists of "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567.  The ALJ's recitation of evidence did not show how Plaintiff could be expected to perform light work.

The ALJ needed to "tether" her finding that Plaintiff could perform light work to a medical opinion.  See *Garcia Medina v. Comm'r of Soc. Sec.*, No. 17-CV-6793-JWF, 2019 WL 1230081, at *2 (W.D.N.Y. Mar. 15, 2019).  Because the ALJ "did not give controlling or substantial weight to any opinion that supported the RFC, it is unclear precisely where the limitations set forth in the RFC came from and why they did not go further."  *Id.* Without a medical opinion, it is unclear how the ALJ determined that Plaintiff could perform light work.  This was error.  See *Sherry v. Berryhill*, No. 1:17CV01102 (HBF), 2019 WL 441597, at *5 (W.D.N.Y. Feb. 5, 2019) ("The Court cannot conclude that there was substantial evidence to support the ALJ's RFC determination that plaintiff was capable of light work with restrictions and is left without a clear indication of how the ALJ reached the RFC determination without resorting to impermissible interpretation of raw medical data."); see also *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) ("[W]ithout opinions from the medical professionals concerning the impact of these results on Plaintiff's RFC, the ALJ simply concluded that Plaintiff was capable of performing light work. This was error.").

While there may be some instances where an ALJ may rely on common sense to make an RFC determination without medical opinion evidence, this is not one of them. See *Moore v. Colvin*, No. 6:15-CV-06281 EAW, 2016 WL 4766345, at *16 (W.D.N.Y. Sept. 13, 2016) (citing *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (holding that an ALJ is not entitled, as a non-expert, to interpret the voluminous evidence of Plaintiff's physical impairments using common sense)).   In order to determine an RFC without opinion the evidence, the record must show limitations that have "measured, quantified, or described" themselves in a way that "permits reasonable inferences" of the claimant's RFC.  *Hoehn v. Colvin*, No. 14-CV-6401L, 2016 WL 241365, at *3-4 (W.D.N.Y. Jan. 21, 2016).  The record should "specifically indicate the extent to which plaintiff's ... injuries can be expected to affect his [or her] ability to perform the physical requirements of work." *Id.*

Here, there were no medical opinions and the ALJ relied on her own lay interpretation of medical evidence. For example, the ALJ considered Plaintiff's MRI which demonstrated mild straightening of the lumbar lordosis, mild hypertrophy of the facet joints at L2-L3, facet arthropathy and bulge with compression of the exciting L3 nerve root at L3-L4, and L4-L5 disc desiccation and degeneration with left posterior ridging and bulge mildly encroaching on and narrowing the left foramen, with mild facet arthrosis. (Tr. 517). This is not the sort of evidence that was "measured, quantified or described" in a way that would permit reasonable inference by a lay person of Plaintiff's RFC. See *Hoehn v. Colvin*, 2016 WL 241365, at *3-4.  While the record certainly suggested limitations, it was not specific enough for the ALJ to make a finding without a medical opinion. Examinations revealed limited range of motion with pain and tenderness, and Plaintiff

received a variety of pain medications including hydrocodone, Tylenol-codeine. (Tr. 416, 424, 437, 439, 454, 514, 524, 527). Again, these did not "specifically indicate" the level of work Plaintiff could perform. See *Hoehn v. Colvin*, 2016 WL 241365, at *3-4.

The ALJ's failure to rely on medical opinion evidence is particularly problematic here because her physical RFC determination is so highly specific. For example, the ALJ noted that Plaintiff could perform light work, but with a specific standing limitation. She limited Plaintiff to standing for 45 minutes with the ability to sit for one to two minutes afterwards. (Tr. 102). It is not clear, however, how the ALJ determined this limitation. While the record noted Plaintiff had problems standing, there is nothing in the record regarding how long she could stand. (Tr. 414). Further, at the administrative hearing, Plaintiff did not testify as to how long she could sit or stand. (Tr. 138-39). An ALJ may not base such assessments on her "own surmise." *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (remanding when ALJ incorporated a six minute break time into the RFC without any supporting evidence). Failure to provide medical opinion evidence in support of a highly specific RFC statement requires remand. See *Heckman v. Comm'r of Soc. Sec.*, No. 18-CV-6032, 2019 WL 1492868, at *3 (W.D.N.Y. Apr. 4, 2019) (remanding where ALJ made highly specific finding that plaintiff could stand for one to two minutes after standing 60 minutes); *McGlothin v. Berryhill*, No. 1:17-CV-00776-MAT, 2019 WL 1499140, at *4 (W.D.N.Y. Apr. 4, 2019) (remanding where it was "unclear" how opinion evidence supported ALJ's highly specific RFC that Plaintiff could alternate "after twenty minutes to sitting for ten minutes"); *Reyes v. Berryhill*, No. 17-CV-1194, 2018 WL 5839276, at *5 (W.D.N.Y. Nov. 8, 2018) ("It is unclear to the Court how the ALJ, who is

not a medical professional, was able to make this highly specific determination without reliance on a medical opinion."); *Perkins v. Berryhill*, No. 17-CV-6327-FPG, 2018 WL 3372964, at *4 (W.D.N.Y. July 11, 2018) (remanding where ALJ failed to explain RFC's highly specific visual limitations); *Tomicki v. Berryhill*, No. 15-CV-847-RJA-MJR, 2018 WL 703118, at *5 (W.D.N.Y. Jan. 11, 2018), report and recommendation adopted, No. 1:15-CV-00847 (MAT), 2018 WL 692141 (W.D.N.Y. Feb. 1, 2018) (remanding when the ALJ did not support his finding that plaintiff needed to change position every thirty minutes); *Stansfield v. Berryhill*, No. 17-CV-6264-FPG, 2018 WL 3120572, at *4 (W.D.N.Y. June 26, 2018) (remanding where ALJ, without a medical opinion, made highly specific determination requiring three five-minute breaks).

The ALJ also erred in determining the mental portion of her RFC. She found Plaintiff could perform simple routine repetitive tasks with simple work-related decisions, and occasional interaction with others. (Tr. 102). However, it is unclear how the ALJ determined these limitations, as she did not rely on any medical opinion evidence. As stated above, the ALJ only assigned "some" weight to Dr. Zali's opinion. (Tr. 109). Further, as the ALJ found at step two, Plaintiff had severe mental impairments, namely, affective disorder and anxiety disorder. (Tr. 99). While there are some cases where an ALJ may use "common sense" to determine the limitations in an RFC determination, she may not do so where there are severe mental impairments. See *Jones v. Colvin*, No. 14-CV-556S, 2015 WL 5126151, at *4 (W.D.N.Y. Sept. 1, 2015) ("Here, because the ALJ concluded that Plaintiff's depression was significant enough to constitute a severe impairment, his subsequent failure to obtain a medical assessment of the extent of that impairment from either a treating or consultative examiner quantifying Plaintiff's mental

limitations rendered the record incomplete."). While ALJs have leeway to make "common sense judgments," this "does not typically extend to the determination of mental limitations, which are by their very nature 'highly complex and individualized.'" *Dye v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 386, 392-93 (W.D.N.Y. 2019) (remanding where ALJ made RFC determination without opinion evidence, because mental impairments are "by their very nature highly complex and individualized"); *see also Lilley v. Berryhill*, 307 F.Supp.3d 157, 161 (W.D.N.Y. 2018) (quoting *Nasci v. Colvin*, No. 6:15-CV-0947(GTS), 2017 WL 902135, at *26 (N.D.N.Y. Mar. 7, 2017)) (remanding, finding that without opinion evidence with respect to mental impairments, the ALJ did not satisfy duty to complete the record); *Deshotel v. Berryhill*, 313 F. Supp. 3d 432, 435 (W.D.N.Y. 2018) (remanding, holding that ALJ may not make common sense judgments with regard to mental limitations as they are "highly complex and individualized.").

Finally, as there were no opinions assessing Plaintiff's physical limitations, and the ALJ rejected the only opinion assessing Plaintiff's mental limitations, the ALJ should have obtained new medical opinion evidence. Without a medical opinion, the ALJ has left a gap in the record requiring further development. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (rejecting medical opinion left gaps in the record triggering duty to develop the record). "As a general rule, where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations ..., to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing." *Nanartowich v. Comm'r of Soc. Sec. Admin.*, No. 17-CV-6096P, 2018 WL 2227862, at *11–12 (W.D.N.Y. May 16, 2018) (quoting *Gross v. Astrue*, No. 12-CV-6207P, 2014 WL 1806779,

at *18 (W.D.N.Y. May 7, 2014)).   Here, the ALJ should have obtained an opinion assessing Plaintiff's physical limitations, and a new opinion assessing Plaintiff's mental limitations.  Failure to do so, requires remand.

## CONCLUSION

For the reasons stated, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 9) is denied, and this case is remanded for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      June 2, 2020
            Buffalo, New York

                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge

- 14 -